1

2

3

4                    UNITED STATES DISTRICT COURT

5                  EASTERN DISTRICT OF WASHINGTON

6   DAVID A. JONES,                )
                                   )  No. CV-08-00222-JPH
7             Plaintiff,           )
                                   )  ORDER GRANTING DEFENDANT'S
8   v.                             )  MOTION FOR SUMMARY JUDGMENT
                                   )
9   MICHAEL J. ASTRUE, Commissioner )
    of Social Security,            )
10                                 )
                                   )
11            Defendant.           )
                                   )
12  _____)

13       BEFORE THE COURT are cross-motions for summary judgment noted

14  for hearing without oral argument on April 3, 2009.  (Ct. Rec. 14,

15  17).   Attorney Maureen J. Rosette represents Plaintiff; Special

16  Assistant United States Attorney Leisa A. Wolf represents the

17  Commissioner of Social Security ("Commissioner").   The parties

18  have consented to proceed before a magistrate judge. (Ct. Rec. 7.)

19  After reviewing the administrative record and the briefs filed by

20  the parties, the court **GRANTS** Defendant's Motion for Summary

21  Judgment (Ct. Rec. 17) and **DENIES** Plaintiff's Motion for Summary

22  Judgment (Ct. Rec. 14).

23                          **JURISDICTION**

24       Plaintiff protectively filed an application for disability

25  insurance benefits (DIB) and filed an application for supplemental

26  security income (SSI) (applications for disability benefit

27  expedited reinstatement) in October of 2004 alleging major

28

depression, adult attention deficit disorder (ADD), and a learning disability. (Tr. 50-58.) Both applications allege onset as of February 16, 2004. (Tr. 17, 59.) The applications were denied initially and on reconsideration. (Tr. 39-40, 42-45.) Plaintiff had previously been awarded DIB from May of 1989 until May of 2004. (Tr. 17.)

At a hearing before Administrative Law Judge (ALJ), Richard A. Say on October 17, 2006, plaintiff, represented by counsel, and vocational expert Dan McKinney testified. (Tr. 373-396.) On December 1, 2006, the ALJ issued an unfavorable decision. (Tr. 17-26.) The Appeals Council received additional evidence and denied a request for review on June 2, 2008. (Tr. 6-9.) Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on July 14, 2008. (Ct. Rec. 1, 4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and are summarized here.

Plaintiff was 37 years old at onset and 40 at the time of the hearing. (Tr. 25, 377.) He has a high school education and took special education classes. (Tr. 377.) Plaintiff has worked as a janitor and dishwasher. (Tr. 64, 120, 222.) He indicated he was previously found disabled due to major depression but benefits were terminated in May of 2004. (Tr. 378.) Benefits were terminated due to work activity. (Tr. 17, 379.) Plaintiff

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 2 -

1 testified that he worked from about 1999 to 2004 as a dishwasher
2 for six months and then as a janitor.  (Tr. 379.)  His last
3 janitorial job lasted about three years.  (Id.)  Plaintiff stopped
4 working at his last job due to trouble dealing with coworkers and
5 chemicals irritated his lungs.  (Tr. 380.)  The current claim is
6 based on depression and ADD.  (Id.)  In a typical day, plaintiff
7 testified he sits in a chair and sleeps; occasionally he vacuums
8 and cooks.  His hobbies include camping and fishing.  (Tr. 381,
9 383.)  Plaintiff can sit and stand for an hour before needing to
10 change position due to restless leg syndrome and arthritis in his
11 ankles, kneecaps and shoulders.  (Tr. 384.)  Walking is limited to
12 three blocks because he becomes "winded."  (Tr. 384-385.)
13 Plaintiff has had headaches at a rate of 2-3 per month for about a
14 year and a half.  (Tr. 386.)  Plaintiff complained of depression
15 and memory problems.  (Tr. 387.)  Medication side effects cause
16 his hands to shake, making it difficult to hold objects, but
17 plaintiff does not know which medications cause this.  (Tr. 388.)
18 He sleeps 2-3 times daily for 1-2 hours.  (Tr. 389.)

19 **SEQUENTIAL EVALUATION PROCESS**

20     The Social Security Act (the "Act") defines "disability"
21 as the "inability to engage in any substantial gainful activity by
22 reason of any medically determinable physical or mental impairment
23 which can be expected to result in death or which has lasted or
24 can be expected to last for a continuous period of not less than
25 twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The
26 Act also provides that a Plaintiff shall be determined to be under
27 a disability only if any impairments are of such severity that a
28 plaintiff is not only unable to do previous work but cannot,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 3 -

considering plaintiff's age, education and work experiences,
engage in any other substantial gainful work which exists in the
national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
Thus, the definition of disability consists of both medical and
vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156
(9th Cir. 2001).

The Commissioner has established a five-step sequential
evaluation process for determining whether a person is disabled.
20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person
is engaged in substantial gainful activities.  If so, benefits are
denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If
not, the decision maker proceeds to step two, which determines
whether plaintiff has a medically severe impairment or combination
of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii),
416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination
of impairments, the disability claim is denied.  If the impairment
is severe, the evaluation proceeds to the third step, which
compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity.  20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
App. 1.  If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past.  If a plaintiff

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 4 -

is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered.  If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is

not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 6 -

conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the outset, the ALJ found plaintiff met the DIB requirements through August 31, 2004. (Tr. 17, 19.) The ALJ elected not to reopen the prior application and determined that the relevant dates are February 16, 2004 (onset) through December 1, 2006 (decision). (Tr. 17-18.) The ALJ found at step one that although plaintiff earned some income after onset, he has not engaged in substantial gainful activity. (Tr. 19.) At steps two and three, the ALJ found that plaintiff suffers from depression, attention deficit disorder (ADD), borderline intellectual functioning, and chemical sensitivity, impairments that are severe but which do not alone or in combination meet or medically equal a Listing impairment. (Tr. 20-21.) The ALJ found plaintiff less than completely credible. (Tr. 22-23.) At step four, relying on the VE, the ALJ found plaintiff's RFC for a range of medium work precludes him from performing his past relevant work as a janitor and kitchen helper/dishwasher because both jobs require exposure to chemicals. (Tr. 24-25, referring to Tr. 391.) At step five, again relying on the VE, the ALJ found a person with plaintiff's RFC and background could perform other jobs such as small parts assembler, packer, and line worker. (Tr. 25, referring to Tr. 392-393.) Accordingly, the ALJ found that plaintiff is not disabled as defined by the Social Security Act. (Tr. 26.)

///

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 7 -

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law by failing to (1) properly weigh the medical evidence, specifically the opinions of Drs. Clifford and Gardner; (2) include migraine headaches as a severe impairment; and (3) properly assess his credibility. (Ct. Rec. 15 at 14-19.) Plaintiff further alleges that new evidence submitted to the Appeals Council (John Arnold, Ph.D.'s 2007 opinions) requires remand. (Ct. Rec. 15 at 15-16.) The Commissioner responds that the ALJ appropriately weighed the evidence and the later report does not necessitate remand. The Commissioner asks the Court to affirm his decision. (Ct. Rec. 18 at 9). Plaintiff lists the date of the ALJ's decision as December 1, 2008 (Ct. Rec. 15 at 1), while the Commissioner indicates the date of the decision is December 1, 2006. (Ct. Rec. 18 at 2.) The court adopts the Appeals Council's reference to the ALJ's decision as December 1, 2006 (Tr. 6).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 8 -

alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 9 -

1    Plaintiff contends that the ALJ failed to properly credit

2  the opinion of Gerald Gardner, Ph.D, that plaintiff suffers

3  moderate limitations and of Thomas Clifford, Ph.D., that he

4  suffers marked limitations.  (Ct. Rec. 15 at 14-15.)

5    The ALJ considered the March 17, 2004, opinion of state

6  agency consultant Thomas Clifford, Ph.D. (Tr. 23, referring to Tr.

7  238-255):

8          On March 17, 2004, Dr. Thomas Clifford, Ph.D., opined
         that the claimant suffered from Attention Deficit
9          Hyperactivity Disorder by history, depression, and
         borderline intellectual functioning.  Exhibit 7F.  He
10         determined the claimant was mildly limited in his
         activities of daily living; moderately limited in his
11         ability to maintain social functioning; mildly limited
         in his ability to maintain concentration, persistence,
12         and pace; and there was insufficient evidence of
         repeated episodes of decompensation.  Due to [ADHD],
13         Dr. Clifford indicated the claimant was markedly
         limited in his ability to understand and remember
14         detailed instructions, carry out detailed instructions,
         and interact appropriately with the general public.
15         The claimant was not [otherwise] limited. . . The
         undersigned fully considered this opinion, but finds
16         there is no evidence to support marked limitations,
         especially given responses by the claimant's previous
17         employer on the Job Performance and Productivity
         Questionnaire.  Exhibit 3E.
18
   (Tr. 23, referring to Exhibit 7F.)
19
20    The job performance questionnaire referred to by the ALJ (at

21  Tr. 72-73) indicates that from June 16, 2000, to December 26, 2003

22  (the latter roughly two months before onset), plaintiff's

23  attendance and punctuality were good, he met expectations of

24  performance standards, and was able to follow instructions.  (Tr.

25  72.)  His ability to work with regular supervision and

26  independently were good.  He has a good working relationship with

27  his supervisor, but difficulty adjusting to new employees and at

28  times working with coworkers.  (Tr. 72.)  Other than new

   coworkers, he was able to cope with changes in the work

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 10 -

environment.  He met deadlines and had good decision-making skills with respect to his job.  He was given no special consideration in performing his work.  (Tr. 73.)

The ALJ's reason for rejecting the marked impairments assessed by Dr. Clifford is specific, legitimate, and fully supported by the evidence.

The ALJ considered the opinion of agency consultant Gerald Gardner, Ph.D., dated December 11, 2004, about ten months after onset.  (Tr. 23, referring to Exhibit 11F.)  The ALJ notes Dr. Gardner diagnosed borderline intellectual functioning and ADHD, well controlled.  (Tr. 23, referring to Tr. 283, 286-287.)  Dr. Gardner asserted plaintiff is moderately limited in his ability to understand, remember, and carry out detailed instructions, interact appropriately with the general public, respond appropriately to changes in the work setting, travel to unfamiliar places or use public transportation, and set realistic goals or make plans independently of others.  (Tr. 297, 299.)

The ALJ points out that Dr. Gardner's functional capacity assessment indicates plaintiff can understand and remember simple instructions and procedures, make simple adjustments to change, and carry out a routine commute. (Tr. 23-24, referring to Tr. 299.)  The ALJ was persuaded by and incorporated Dr. Gardner's narrative limitations when he assessed plaintiff's RFC.

The ALJ considered the March 1, 2004 (about two weeks post-onset), opinion of evaluating psychologist Thomas McKnight, Ph.D. (Tr. 232-237.)  (Tr. 20, 22, 24.)  Dr. McKnight assessed a GAF of

65[1]. (Tr. 237.)  He opined plaintiff did not have a cognitive or

_____

[1]

A Global Assessment of Functioning (GAF) of 65 indicates some
mild symptoms (e.g., depressed mood and mild insomnia) or some
difficulty in social, occupational or school functioning (e.g.,
occasional truancy, or theft within the household), but
generally functioning pretty well, has some meaningful
interpersonal relationships. DIAGNOSTIC AND STATISTICAL MANUAL
OF MENTAL DISORDERS FOURTH EDITION (DSM-IV), at p. 32.

psychological factor that precluded him from full-time gainful employment. (Tr. 237.) The ALJ also notes Dr. McKnight accurately observed plaintiff's ADD symptoms existed during the three and a half years plaintiff was employed. (Tr. 24, referring to Exhibit 6F at 6.) The ALJ points out that he (the ALJ) could find no evidence in the medical record that plaintiff's condition worsened since Dr. McKnight's March 1, 2004 opinion. (Tr. 24.)

The ALJ considered the December 2, 2004 (about ten months post-onset) opinion of evaluating psychologist L. Robert Capes, Psy. D. (Tr. 22-24.) Dr. Capes echoed Dr. McKnight's conclusion that plaintiff's mental impairments of ADD, controlled through medication, and alleged PTSD are not barriers to employment. (Tr. 24, referring to Exhibit 9F at Tr. 277.) Dr. Capes assessed borderline intellectual functioning and similarly assessed a GAF of 65. (Tr. 277.)

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible. (Tr. 22-23.) Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 13 -

underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility: objective medical findings do not support the degree of impairment claimed; inconsistent statements; failure to follow recommended courses of treatment, and activities inconsistent with the degree of impairment alleged. (Tr. 22-23.) As the ALJ concludes, medical reports indicate plaintiff is capable of performing a full range of daily activities, and there is no medical reason for plaintiff's daily activities to be as restricted as he alleged at the hearing. (Tr. 22.)

Plaintiff's testimony that he needs daily naps is usupported by objective evidence. (Tr. 22.) There is nothing in the reports of Drs. McKnight or Capes (or anywhere else) indicating a need to take naps. Instead, plaintiff reported to both psychologists an extensive range of daily activities, including cooking, washing dishes, laundry, cleaning, shopping, eating out weekly, playing computer games and going to casinos. (Tr. 22, referring to Exhibits 6F at 4 and 9F at 4.) Inconsistent statements include plaintiff telling Jay Toews, Ed. D., in 1998 that he was raised in

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 14 -

a group home (Tr. 221), while he told Dr. McKnight in 2004 he was raised by his mother and her parents.  (Tr. 234.)

Plaintiff failed to follow medical recommendations to stop smoking to avoid lung problems, including bronchitis (Tr. 261, 265).  He failed to take seligiline for headaches as prescribed, allegedly due to lack of funds, causing increased symptoms. (Tr. 279.)

Additional activities which diminish plaintiff's claim of disabling impairment include fishing (July 11, 2004 at Tr. 87); lawn mowing (November 9, 2004 at Tr. 131); hunting, bowling, hiking and skiing (December 2, 2004 at Tr. 274), and, more recently, fishing (May 8, 2006 at Tr. 358), all of which would seem inconsistent with disabling arthritis or other severe physical disability such as plaintiff's testimony described.

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).  Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

To the extent the ALJ rejected the contradicted opinions of some of the professionals, his reasons are legitimate, specific, and supported by substantial evidence in the record.  *See Lester v. Chater*, 81 F. 3d 821, 830-831 (9th Cir. 1995)(holding that the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 15 -

ALJ must make findings setting forth specific, legitimate reasons for rejecting the treating physician's contradicted opinion).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

There is no error in the ALJ's assessment of the evidence and RFC determination.

**B. Step two**

Plaintiff alleges the ALJ erred at step two by failing to find headaches a severe impairment, and by discounting plaintiff's testimony with respect to hand tremors making gripping objects impossible. (Ct. Rec. 15 at 16-19.)

The ALJ considered the evidence related to headaches. (Tr. 20, referring to Exhibits 8F at 4 and 10F at 1.) When he gets a headache (about twice a month for 2 hours each time), plaintiff takes prescription medication and aspirin and goes to bed. The medication helps. The ALJ notes there are no clinical test results in the record showing the cause of the headaches. They appear well controlled with medication and last only a short time. (Tr. 20.) The ALJ's finding that this is not a severe impairment is supported by the record.

The undersigned has reviewed plaintiff's claims of disabling

tremors and restless leg syndrome, as urged by plaintiff.  The ALJ's credibility determination and weighing of the medical evidence in this respect is also without error.

**C. Appeals Council evidence**

Plaintiff argues remand is warranted to consider evidence received by the Appeals Council after the ALJ's decision.  The evidence includes reports by John Arnold, Ph. D., dated June 1, 2007 (Tr. 369-372), June 18, 2007 (Tr. 365-368, and September 5, 2007 (Tr. 363-364).

The court agrees with the Commissioner that plaintiff fails to show good cause for failing to produce the opinions earlier, i.e., prior to the hearing so that the ALJ could consider them. In addition, Dr. Arnold's opinion appears both provisional, in that he recommended plaintiff undergo a psychiatric examination (Tr. 368), and contradictory, in that he opined plaintiff met Listing 12.08 due to borderline personality symptoms (Tr. 363).

The ALJ's assessment of the medical evidence and of plaintiff's credibility are supported by the record and free of legal error.  The evidence submitted to the Appeals Council after the hearing does not change the court's opinion that the ALJ's conclusions are free of error, fully supported by the evidence, and would not have resulted in a different outcome even if timely submitted.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 17 -

1     1. Defendant's Motion for Summary Judgment **(Ct. Rec. 17)** is

2  **GRANTED.**

3     2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is

4  **DENIED.**

5     The District Court Executive is directed to file this Order,

6  provide copies to counsel for Plaintiff and Defendant, enter

7  judgment in favor of Defendant, and **CLOSE** this file.

8     DATED this 6th day of April, 2009.

9                              s/ James P. Hutton
                             JAMES P. HUTTON
10                   UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28